UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLIFF VERITY,

    Petitioner,

v.        Case No: 2:12-cv-609-FtM-38DNF

RICK SCOTT and STATE OF
FLORIDA,

    Respondents.
_____/

## **ORDER**[1]

This matter comes before the Court upon Petitioner Cliff Verity's Motion of More Definite Statement (Doc. #33) filed on May 27, 2014.

On March 24, 2014, the Court ordered Petitioner, who is appearing *pro se*, to file an opposition to Respondents Rick Scott and the State of Florida's Dispositive Motion to Dismiss Fourth Amended Petition (Doc. #29) by April 23, 2014 (Doc. #30). Petitioner thereafter requested an extension of time to file his opposition. (Doc. #31). The Court granted Petitioner's request, giving him until May 23, 2014, in which to file any opposition. (Doc. #32). On or about May 22, 2014, Petitioner filed the Motion of More Definite Statement, which was unsigned. (Doc. #33). Although Petitioner does not expressly

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

state that the Motion (Doc. #33) opposes Respondents' Motion to Dismiss (Doc. #29), the Court construes it as such based on the arguments set forth therein.

Rule 11(a) of the Federal Rules of Civil Procedures requires that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). It also states that a "court must strike an unsigned paper unless the omission is properly corrected after being called to the . . . party's attention." Id. Moreover, Petitioner is reminded that despite his *pro se* status, it is mandatory that he, among other things, respond properly to motions and proceed in accordance with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules. See Loren v Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even *pro se* parties must follow procedures). Failure to do so could result in sanctions or the denial of any motions or requests for relief from the Court.

Based on these principles, the Court denies Petitioner's Motion of More Definite Statement (Doc. #33). Nevertheless, because Petitioner is appearing *pro se*, the Court will, out of an abundance of caution, grant him additional time to refile a response to Respondents' Motion (Doc. #29) that complies with the Federal Rules of Civil Procedure.

Accordingly, it is now

**ORDERED:**

(1) Petitioner Cliff Verity's Motion of More Definite Statement (Doc. #33) is **DENIED**.

(2) Petitioner may refile an opposition to Respondents Rick Scott and State of Florida's Dispositive Motion to Dismiss Fourth Amended Petition (Doc. #29) by **June 16, 2014** that complies with the Federal Rules of Civil Procedure. Failure

to comply with this Order will result in the dismissal of this action without further notice.

(3) The Clerk of the Court is directed to **STRIKE** Petitioner's Motion of More Definite Statement (Doc. #33) from the docket.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record