UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLIFF VERITY,

       Petitioner,

v.                                 Case No:  2:12-cv-609-FtM-38DNF

RICK SCOTT and STATE OF
FLORIDA,

       Respondents.
_____/

## ORDER[1]

       This matter comes before the Court upon Respondents Rick Scott and the State of Florida's Dispositive Motion to Dismiss Fourth Amended Petition (Doc. #29) filed on February 10, 2014.  Petitioner Cliff Verity, appearing *pro se*, filed a response to Respondents' Motion (Doc. #35) on June 6, 2014.[2]  Thus, the motion is ripe for review.

## BACKGROUND

       Petitioner is a convicted felon who served a six-year sentence.  He purportedly received a voter registration card within one week of his release from incarceration; however, this registration card was subsequently cancelled.  (Doc. #28 at 4).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Petitioner filed a Motion of More Definite Statement (Doc. #35) on June 6, 2014, which the Court construes as his memorandum in opposition to Respondents' Motion to Dismiss (Doc. #29), as is appropriate based on its content.

On November 8, 2012, Petitioner commenced the instant action against Respondents State of Florida and Rick Scott, in his capacity as Florida's governor. (Doc. #1). As best the Court can tell, Petitioner avers that Respondents have denied him the right to vote in federal elections in violation of the Fifteenth Amendment to the United States Constitution and the Voting Rights Act of 1965. (Doc. #28). Petitioner's case centers on Florida's former and current clemency rules, which provide convicted felons a means to regain their right to vote after incarceration. To better understand Petitioner's allegations against Respondents, the Court will briefly discusses Florida's clemency rules.

In Florida, convicted felons cannot vote, serve on a jury, or hold public office until the government restores those civil rights to them. See Fla. Const. art. VI, § 4 ("No person convicted of a felony, or adjudicated in this or any other state to be mentally incompetent, shall be qualified to vote or hold office until restoration of civil rights or removal of disability"); Fla. Stat. § 97.041(2)(b) ("A person who has been convicted of any felony by any court of record and who has not had his or her right to vote restored pursuant to law" is not entitled to register or vote); accord Johnson v. Governor of Fl., 405 F.3d 1214, 1217 (11th Cir. 2005) (upholding the constitutionality of Florida's laws prohibiting convicted felons from voting). A convicted felons' right to vote, however, is not lost forever, as he may seek clemency to absolve him of all or part of a punishment that the law bestowed upon him.

The Florida Constitution vests the power of clemency to the Governor.[3] See Fla. Const. art. IV, § 8(a) (stating that the clemency process is strictly an executive branch

---

[3] "The Governor has the unfetter discretion to deny clemency at any time, for any reason. The Governor, with the approval of at least two members of the Clemency Board, has the unfettered discretion to grant, at any time, for any reason" the restoration of civil rights that a convicted felon enjoyed by the conviction." Rules of Executive Clemency (2011), https://fpc.state.fl.us/docs/clemency/clemency_rules.pdf.

function).  The Executive Clemency Board (the "Board"), on which the Governor and members of his cabinet sit, issues Rules of Executive Clemency (the "Clemency Rules") to assist persons in applying for clemency.  Since the Governor controls clemency in Florida, the Clemency Rules may change with each new governor; and herein lies the impetus for this action.

It appears that Petitioner prefers the Clemency Rules in effect under former Governor Charlie Crist to the current Rules under Governor Scott.  (Doc. #28 at 3-4 (asking the Court to "direct[] Rick Scott to change his rule back to what it was in 2006[.]")).  During former Governor Crist's tenure, the Board revised the Clemency Rules to restore voting rights automatically to individuals convicted of non-violent felonies who had completed their sentence, paid restitution to victims, and were free of any pending charges.  Individuals convicted of serious crimes like murder and manslaughter were not eligible for automatic restoration of their civil rights.  Under Governor Scott, however, all convicted felons – regardless of the convicted crime – must wait five or seven years after completing their sentence before they may apply to have their civil rights restored.  In other words, a convicted felons' voting rights are not immediately restored to them upon their release from prison.

Against this backdrop, the Court will address Respondents' Motion to Dismiss (Doc. #29).

## **DISCUSSION**

Respondents move to dismiss the Fourth Amended Complaint on three grounds: (1) failure to state a claim upon which relief may be granted; (2) lack of subject matter

jurisdiction; and (3) improper venue under Rule 12 of the Federal Rules of Civil Procedure. (Doc. #29).  The Court will address each ground in turn.

**A.  Rule 12(b)(6) – Failure to State a Claim upon Which Relief may be Granted**

      1.  Legal standard

In deciding a Rule 12(b)(6) motion to dismiss, courts must accept all factual allegations in the complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted)).  "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed."  James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  The Supreme Court has abandoned the former rule that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief."  James River, 540 F.3d at 1274 (citing La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)).  As such, courts engage in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of in the complaint, there is a dispositive legal issue which precludes relief.  See Bedasee v Fremont Inv. & Loan, No. 2:09-cv-111, 2010 WL 98996, at *1 (M.D. Fla. Jan. 6, 2010) (citations omitted).

Additionally, a Rule 12(b)(6) motion must be read in conjunction with Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8(a)(2), a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (citation omitted). Further, the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

Moreover, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'"  Erickson, 551 U.S. at 127 (citation omitted). Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required [to] rewrite a deficient pleading."  Washington v. Dept. of Children and Families, 256 F. App'x 326, 327 (11th Cir. 2007) (citation omitted); Hope v. Bureau of Prisons, 476 F. App'x 702, 704-05 (11th Cir. 2012).

With the foregoing standards in mind, the Court will address whether the Fourth Amended Petition states a claim upon which relief may be granted.

2. Analysis

As previously stated, Petitioner argues that Respondents have violated the Fifteenth Amendment and the Voting Rights Act by not restoring convicted felons' voting rights as a matter of course following their release from prison.  This argument is flawed. The Fifteenth Amendment provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State *on account of race,*

*color, or previous condition of servitude.*" U.S. Const. amend. XV § 1 (emphasis added).[4]

Similarly, the Voting Rights Act provides, in pertinent part, that

> [n]o voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgment of the right of any citizen of the United States to vote *on account of race or color* . . . .

42 U.S.C. § 1973(a) (emphasis added).   Petitioner's Fourth Amended Petition is devoid of any allegation that Respondents have denied him the right to vote on account of his race or color.  Even viewing the facts in a light most favorable to Petitioner, he lacks any allegation that the current Clemency Rules are racially discriminatory or racially motivated.   Petitioner's status as a former convicted felon is not alone a protected category under the Fifteenth Amendment or the Voting Rights Act.   Moreover, to the extent Petitioner argues that Florida's constitutional provision that revokes convicted felons' voting rights is contrary to the Fifteenth Amendment and the Voting Rights Act, such a claim is frivolous and meritless given the Eleventh Circuit's decision in Johnson v. Governor of Fl., 405 F.3d 1214 (11th Cir. 2005) (holding that Florida's felon disenfranchisement provision, Fla. Const. art. VI, § 4, is constitutional and conforms to the Voting Rights Act).

Additionally, with respect to Petitioner's request for the Court to "direct[] Rick Scott to change his rule back to what it was in 2006," such relief is improperly pled.  See Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain: . . . demand for

---

[4] To assert a Fifteenth Amendment violation, the plaintiff must bring a cause of action under 42 U.S.C. § 1983.  Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

the relief sought[.]").  He fails to identify the "rule" that he seeks the Court to reinstate, although the Court liberally decrypts the Fourth Amended Petition to determine that he is referencing former Governor Crist's rule that automatically restored felons' right to vote following prison.  In any event, it is not evident from the pleadings if Petitioner wants the Court to direct Respondent Scott to reinstate that "2006 rule" or to direct the Florida legislature to enact a specific state law on that matter.  Either of which, the Court lacks the authority to do.

Finally, Petitioner has failed to align the Fourth Amended Petition with Rule 8. Rather than setting forth a plain and direct statement of any claims, Petitioner mixes allegations with immaterial facts, disjointed narrative, conclusory accusations, and legal argument.  The Fourth Amended Petition's organizational structure poses further complications for Respondents and the Court.  The loosely organized paragraphs, some numbered and others unnumbered, lack a coherent configuration of the causes of action against Respondents.  The allegations in the Fourth Amended Complaint fail to give Respondents fair notice of his claims and the grounds upon which they rest, thereby impeding their ability to frame responsive pleadings and prepare defenses.  Petitioner's Fourth Amended Petition falls short even affording it the liberal construction granted to *pro se* pleadings.

Accordingly, because Plaintiff has not set forth claims upon which relief may be granted, the Court dismisses the Fourth Amended Petition under Rule 12(b)(6).

## B.  Rule 12(b)(1) - Subject Matter Jurisdiction

Even if Petitioner stated claims upon which relief could be granted, the Fourth Amended Petition must still be dismissed because (1) he lacks standing to bring this

action; and (2) the Eleventh Amendment bars his claims against Respondent State of Florida.  The Court will address each in turn.

    1. <u>Standing</u>

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." <u>Warth v. Seldin, 422 U.S. 490, 498 (1975)</u>.  To establish standing, a petitioner must satisfy three elements.  <u>See</u> <u>Bischoff v. Osceola Cnty., 222 F.3d 874, 878 (11th Cir. 2000)</u> (stating that "the party invoking federal jurisdiction bears the burden of proving standing").  First, the plaintiff must have suffered "an injury in fact – an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." <u>United States v. Hays, 515 U.S. 737, 743 (1995)</u> (citations omitted).  Second, there must be a causal connection between the injury and the challenged action of the defendant that is not too attenuated.  <u>Id.</u>  Third, the injury will likely, not speculatively, be redressed by a favorable decision.  <u>See</u> <u>Ga. State Conference of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir. 1999)</u> (citing <u>Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992))</u>.  In determining whether a plaintiff has standing, the court must look at each claim and determine whether standing is present.  <u>See</u> <u>Allen v. Wright, 468 U.S. 737, 752 (1984)</u> ("[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.").

First and foremost, for the same reasons that Petitioner fails to state a claim upon which relief may be granted, he lacks standing to assert claims under the Fifteenth Amendment and the Voting Rights Act.  The Fourth Amended Petition fails to allege that

Petitioner individually had his voting rights denied or abridged on account of his race or color.  See Casaburro v. Volusia County Corp., No. 6:07-cv-56, 2007 WL 3104949, at *3 (M.D. Fla. Oct. 22, 2007) (finding that the plaintiffs lacked standing to bring an action under, *inter alia*, the Fifteenth Amendment and the Voting Rights Act where the complaint did not allege how the defendant's actions discriminated against them based on race).

Additionally, it appears that Petitioner's purported injury in fact is being unable to vote in federal elections.  (Doc. #28 at 4).  But, he has neither alleged that he had applied to the Board for clemency nor that the Board has denied his application.[5]  Without such baseline allegations, he has no basis to challenge the reinstatement process for his civil rights.  At most, Petitioner alleges that his voter registration card was revoked by an unknown individual/government entity for an unspecified reason.  (Doc. #28 at 4).

Furthermore, it is insufficient for Petitioner to allege that Respondent Scott has "kept over 100,000 citizens of the State of Florida from voting in [f]ederal elections" in order to bring this action.  (Doc. #28 at 3).  A plaintiff "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others." Moose Lodge No. 107 v. Irvis, 407 U.S. 163,166 (1965); see also Warth, 422 U.S. at 499 ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").  Petitioner cannot bring an action to protect the rights of parties that are not before the Court.

Accordingly, based on the allegations in the Fourth Amended Petition, Petitioner lacks standing to bring this action.

---

[5] The current Clemency Rules require convicted felons to wait five or seven years before they may apply for clemency.  Petitioner neither alleges what crime he was convicted nor when he was released from prison.  Without such information, the Court in unaware whether the five- or seven-year waiting period applies and, in turn, whether that time period has lapsed to trigger his eligibility to apply for clemency.

2.  <u>Eleventh Amendment Immunity as to Respondent State of Florida</u>

Even if Petitioner had standing to bring this suit, the Fourth Amended Petition is due to be dismissed against Respondent State of Florida under the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Although the plain language of the Eleventh Amendment only precludes federal courts from hearing cases brought against a state by citizens of another state, the Supreme Court has construed it to bar suits against a state brought by that state's own citizens as well.  <u>See</u> Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (citations omitted).  Eleventh Amendment immunity from suit in federal court applies both when a plaintiff seeks damages against a state and when a plaintiff seeks injunctive relief against a state.  <u>See</u> Kentucky v. Graham, 473 U.S. 159, 169 (1985) (citations omitted).  Thus, Petitioner's suit against Respondent State of Florida is barred unless an exception to Eleventh Amendment immunity applies.

Exceptions to Eleventh Amendment immunity exist if: (1) a suit seeks prospective injunctive relief to prevent an ongoing violation of the federal constitution against a state official in his official capacity; (2) if the state waives its immunity and consents to suit; or (3) if Congress validly abrogates the state's Eleventh Amendment immunity.  <u>See</u> Svet v. Fla. Dep't of Juvenile Justice, No. 2:11-cv-394-FtM-29SPC, 2012 WL 5188036, at *3 (M.D. Fla. Oct. 19, 2012) (citations omitted).

None of the exceptions to Eleventh Amendment immunity apply to Petitioner's Fifteenth Amendment violation claim against Respondent State of Florida.  As previously

stated, the vehicle to bring a Fifteenth Amendment violation claim is 42 U.S.C. § 1983. Respondent State of Florida, which is not a state official, has not waived Eleventh Amendment immunity in § 1983 actions.   See Spooner v. Dep't of Corrs., 514 So. 2d 1077, 1078 (Fla. 1987).    Further, Congress has not abrogated states' Eleventh Amendment immunity from § 1983 actions.   See Williams v. Bd. of Regents, 477 F.3d 1282, 1301 (11th Cir. 2007). Accordingly, the Eleventh Amendment immunity bars Petitioner's claims against Respondent State of Florida, and thus the Court dismisses them.   Even if the Eleventh Amendment did not bar Petitioner's § 1983 action, it would fail because the State of Florida is not a "person" within the meaning of § 1983, and thus not a proper defendant in a § 1983 case.   See VanBenthuysen v. Florida, 427 F. App'x 864, 866 (11th Cir. 2011) (citation omitted).

However, the State of Florida, by Congressional abrogation of the Eleventh Amendment, is subject to lawsuits brought under the Voting Rights Act.   See State of S.C. v. Katzenbach, 383 U.S. 301, 313 (1966).   But, for the reasons arrayed above, Petitioner has not stated a plausible claim under the Voting Rights Act.   Thus, Petitioner's claim against Respondent State of Florida under the Voting Rights Act of 1965 does not apply in this case.

Accordingly, Petitioner's Fifteenth Amendment claim against Respondent State of Florida is dismissed under Eleventh Amendment immunity.

## C.   Venue

Finally, Respondents seek dismissal of this case under Rule 12(b)(3) of the Federal Rules of Civil Procedure on the grounds that venue is not appropriate in this Court.   (Doc. #29 at 11).   According to Respondents, the proper venue is the Tallahassee

Division of the United State District Court for the Northern District of Florida (the "Northern

District").[6]  (Doc. #29 at 12).

Venue in "all civil actions brought in district courts of the United States" is governed

by 28 U.S.C. § 1391.  Under § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "When venue is challenged, the plaintiff bears the burden of

showing that venue in a forum is proper."  Steinger v. Fl. Bar, No. 6:14-CV-348-ORL-37,

2014 WL 1612945, at *1 (M.D. Fla. Apr. 22, 2014) (citation omitted).  "[W]hen a case is

filed in an inappropriate forum, the Court 'shall dismiss, or if it be in the interest of justice,

transfer such case to any district . . . in which it could have been brought.'"  Ford v.

Supreme Court of Fl., No. 6:06-cv-3, 2006 WL 1382075, at *6 (M.D. Fla. May 18, 2006)

(quoting 28 U.S.C. § 1406(a)).

For the following reasons, the Northern District of Florida – not the Middle District

of Florida – is the proper venue for this action.  Since Respondent State of Florida is

entitled to Eleventh Amendment Immunity, the Court will only address venue as it relates

to Respondent Scott.

---

[6] Respondents do not move for a transfer of venue to the Northern District of Florida; but rather, they only move to dismiss this case with prejudice.  (Doc. #29 at 11-12).

First, Petitioner brings this action against Respondent Scott in his official capacity, and not in his individual capacity.  For purposes of § 1391(b)(1), individuals sued in their official capacity are generally deemed to reside in the district where they perform their official duties.  See Steinger, 2014 WL 1612945, at *1 (citation omitted).  As Governor, Respondent performs his official duties in Tallahassee, Florida.  See Fla. Stat. § 14.01 ("The Governor shall reside at the head of government, and the Governor's office shall be in the capitol.").  Consequently, Petitioner's position that the Middle District is the appropriate forum because Respondent Scott is registered to vote in Naples, Florida and only resides as a transient in Tallahassee, Florida, misses the mark.  (Doc. #35 at 3).  Residential venue under § 1391(b)(1), therefore, is improper in the Middle District of Florida.

Second, "[i]n evaluating whether acts support venue under Section 1391(b)(2), 'only the events that directly give rise to a claim are relevant and . . . only those acts and omissions that have a close nexus to the wrong are properly weighed in the substantial part analysis.' . . . The court must 'focus on the actions of the defendant, not of the plaintiff.'"  Ford, 2006 WL 1382075, at *5 (internal citations omitted); see also Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003) (noting that courts look "only those acts and omissions that have a close nexus to the wrong" to determine whether a substantial part of the events or omissions giving rise to the claim occurred in a specific district).  Here, the decision to revise the Clemency Rules to its current state, which is the impetus for this action, unequivocally occurred in Tallahassee, Florida.  Thus, venue is improper with this Court under § 1391(b)(2).  Furthermore, to the extent Petitioner bases venue on his voter's registration card being revoked, such reliance is insufficient because

he neglects to allege who revoked his voter registration, why it was revoked, and where the revocation occurred.  (Doc. #28 at 3; Doc. #13 at 1).  Without such information, the Court cannot reasonably infer that the venue properly lies in the Middle District of Florida under § 1391(b)(2).[7]

Accordingly, because Petitioner has failed to establish any link between the Middle District of Florida and the allegations in his Fourth Amended Petition, the Court dismisses the case for improper venue under Rule 12(b)(3).

**D.  Motion to disqualify**

Petitioner requests, in passing, that Respondents find counsel other than the State of Florida Office of the Attorney General ("State Attorney's Office") to represent them in this matter.  (Doc. #28 at 4; Doc. #35 at 3).  According to Petitioner, "[t]he State Attorney's [O]ffice is as much at fault as [Respondent Scott] because they could have advised him of the violations of the Voters Rights Laws and failed to" and thus has a conflict of interest. (Doc. #28 at 4).

Disqualification of a party's chosen counsel is an extraordinary remedy that should be applied sparingly.  See Gen. Accident Ins. Co., v. Borg-Warner Acceptance Corp., 483 So.2d 505, 506 (Fla. 4th DCA 1986).  As the moving party, Petitioner bears the burden of proof to establish grounds to warrant disqualification of counsel.  See Contant v. Kawasaki Motors Corp., U.S.A., Inc., 826 F. Supp. 427, 428 (M.D. Fla. 1993).  Here, Petitioner's bald allegation that the State Attorney's Office "are as much at fault as

---

[7] Since the Northern District of Florida is the appropriate forum for the above reasons, § 1391(b)(3) is inapplicable to the case at hand.

Respondent Scott" is insufficient to support disqualification.  (Doc. #28 at 4).  Without more, the Court will not override Respondents' right to counsel of their choosing.

## E.  Leave to amend the Fourth Amended Petition

Petitioner has not explicitly requested leave to amend the Fourth Amended Petition.  Given his *pro se* status and the fact the Court is dismissing the Fourth Amended Petition, the Court will nevertheless consider granting him leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course within twenty-one (21) days after serving it, or within twenty-one (21) days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  Otherwise, the party must seek the court's leave or the opposing party's written consent to amend the pleading.  See Fed. R. Civ. P. 15(a)(2).  "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court.  Rule 15(a), however, limits the court's discretion by mandating that 'leave shall be freely given when justice so requires.'"  Laurie v. Ala. Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001) (citation omitted); see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) ("Ordinarily, 'if the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief,' . . . leave to amend 'should be freely given[.]'"  (internal citations omitted)); Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Co., 184 F.R.D. 674, 678 (M.D. Fla 1999) (stating that timely motions for leave to amend pursuant to Rule 15(a) are held to a very liberal standard).  As a result, the court must provide substantial justification to deny a motion to amend, such as "undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance

of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Although there is no indication of undue delay, bad faith, or a dilatory motive on Petitioner's part, the Court will decline leave to amend on the basis of futility.  "'Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.'" Spaulding v. Poitier, 548 F. App'x 587, 593-94 (11th Cir. 2013) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).  As explained above, Petitioner lacks standing to bring this suit and Respondent State of Florida has constitutional immunity from his claims. Furthermore, Petitioner has provided no facts indicating that a violation of his rights under the Fifteenth Amendment or the Voting Rights Act has occurred.  The failure of his claim is no mere technical failure in pleading, but is rather a result of the fact that no actionable violation of his rights has occurred.  What is more, Petitioner has already amended the Petition several times and has failed to cure the pleading's ongoing deficiencies.  See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a district court is not required to permit amendment to a complaint if "there has been . . . repeated failure to cure deficiencies by amendments previously allowed").  Accordingly, further leave to amend the Fourth Amended Petition is denied and the case will be dismissed with prejudice.

Accordingly, it is

**ORDERED:**

(1) Respondents Rick Scott and the State of Florida's Dispositive Motion to Dismiss Fourth Amended Petition (Doc. #29) is **GRANTED**.  Petitioner Cliff Verity's Fourth Amended Petition (Doc. #28) is **DISMISSED with prejudice.**

(2) Petitioner's Motion of More Definite Statement (Doc. #35) is **DENIED** as moot.

(3) The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, close the case, and send of a copy of this Order to Petitioner.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record